IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN RAY MILAM<br>(TDCJ No. 1836907),<br><br>Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:14-cv-2239-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Steven Ray Milam, proceeding *pro se*, has filed a 28 U.S.C. § 2254 application for writ of habeas corpus. *See* Dkt. No. 3. This action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that this Section 2254 application should be denied.

**Background**

Presumably, Petitioner is challenging his state conviction through this as-filed Section 2254 application. But, because of the relief that Petitioner requests, the Court sets out the background of his federal and state convictions and sentences.

On May 22, 2012, in this Court, Petitioner pleaded guilty, pursuant to a plea agreement, to two counts of a superseding information – one count of brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. §

924(c)(1)(A)(ii), and one count of using, carrying, and brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(C)(i) – and, on October 29, 2012, he was sentenced to consecutive sentences of 120 months' imprisonment as to the first count and 300 months' imprisonment as to the second count. *See United States v. Milam*, No. 3:12-cr-32-L, Dkt. Nos. 23-27 & 45 (N.D. Tex.). The federal court judgment provides that Petitioner's total term of 420 months' imprisonment "shall run concurrently with any sentence imposed in Case No. F-1145923, pending in the Dallas County Criminal District Court 3 [sic], in Dallas, Texas." No. 3:12-cr-32-L, Dkt. No. 45 at 2. Petitioner did not file a direct appeal.

On January 25, 2013, in state court in Dallas County, Texas, after pleading guilty to attempted capital murder of a police officer, enhanced, Petitioner was sentenced to 28 years' imprisonment. *See State v. Milam*, No. F-11-45923-I (Crim. Dist. Ct. No. 2 of Dallas County, Tex.). While Petitioner also failed to directly appeal his state conviction and sentence, the state conviction and sentence – the subject of the petition filed in this action – has since been set aside by the Texas Court of Criminal Appeals (the "TCCA"). *See Ex parte Milam*, No. WR-81,309-01, 2014 WL 2443169 (Tex. Crim. App. May 21, 2014) (per curiam); *see also* Dkt. No. 3 at 14-18 (findings of fact and conclusions of law of the state habeas court dated March 26, 2014). As State District Judge Don Adams explained, in recommending that Petitioner's state application for a writ of habeas corpus should be granted:

> The applicant asserts that according to his plea agreement, he should be serving his sentence in the federal penitentiary system. Prior to entering the plea in this case, the applicant was sentenced to 420

months in the federal system with his sentence concurrent with the sentence in this state charge. It is clear in the emails from trial counsel to the prosecutor that the primary concern of the applicant was his placement in the federal prison system. See attached emails dated January 7, 2013 and January 24, 2013 from Brian Alexander to the prosecutor. January 25, 2013 the court accepted the guilty plea made pursuant to the plea bargain agreement with a 28-year sentence. At the conclusion of the hearing there was a discussion on the record about the state sentence being concurrent with the federal sentence and the applicant being returned to the federal prison. Clearly the prosecutor, the court and defense counsel assumed that the applicant would be returned to the federal system. This is not a promise that the court could make to the applicant. *See Moody v. State*, 991 S.W.2d 856 (Tex. Crim. App. 1999). It is the opinion of this court that promises were made to the applicant that could not be kept. Since a state court cannot authorize a state sentence be served in federal court, the plea bargain agreement cannot be kept and the guilty plea must be withdrawn in this case as it was not voluntary.

While it is clear that the relief sought in this case is to be transferred to the federal prison system, neither this court nor the Court of Criminal Appeals has authority to make that happen. The only relief available for this complaint is to have the plea withdrawn and the case sent back to the trial court to answer to the indictment. Clearly, the plea was not voluntary in this case because it was based on the assumption that the applicant would serve his time in the federal system. While the plea bargain agreement does not include the provision that the sentence would be served in the federal system, the discussion at the time of the plea indicates that all parties were under the impression that the applicant would be returned to the federal system to serve his federal and state sentence concurrently in El Reno.

The court cannot and will not hold counsel ineffective in this case. The record reflects that at all times counsel insisted that the agreement in this case include having the state sentence served in the federal system. The State and the court apparently agreed.

Based on all the documentation in this case, the court holds that the plea was not voluntary. The court recommends that the plea be withdrawn and the applicant be made to answer the pending indictment. It should be made clear to the applicant that the state court has no authority to authorize the state sentence be served in the federal system. No new plea bargain agreement will include the provision that this state sentence will be served in the federal system. If the applicant feels by the federal court promised him that his sentence would be served in the federal system, he should petition the federal court to be transferred to

> the federal prison system. The only remedy in state court for the evidence presented in this writ is to have the plea withdrawn. The court recommends that the guilty plea be withdrawn and applicant be made to face the charges in the indictment.

Dkt. No. 3 at 15-17.

Online records from the Texas Department of Criminal Justice reflect that Petitioner was re-sentenced in state court to 20 years' incarceration on August 11, 2014.

Through the as-filed Section 2254 application, Petitioner presents three grounds for relief:

> Ground One: While partial relief was granted [by the state courts] and my [state] judgment was set aside, the court claims it has no power to remand me back to federal custody to serve out my state and federal sentences concurrently. (The whole basis of my post-conviction relief.)
>
> Ground Two: The State of Texas (Dallas County) claims primary custody of me as an offender over federal authorities by "one" day.
>
> Ground Three: [Ineffective Assistance of Counsel].

Dkt. No. 3 at 6-7. Thus, Petitioner seeks to be remanded to federal custody to serve out the remainder of his concurrent state and federal sentences and also seeks to challenge the state court determination that his counsel did not render constitutionally ineffective assistance. *See id.* at 7.

## Legal Standards

"Claims regarding the execution of a sentence are properly brought in a § 2241 proceeding." *United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014) (per curiam) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), and concerning petitioner's claim "that the execution of his federal sentence consecutively to his service of his state

sentence undermines the voluntariness of his guilty plea to the state court charge since that plea was predicated upon his understanding, as well of that of the attorneys involved and the state court judge, that [his] state and federal sentences would run concurrently"). Such a proceeding , moreover, "must be filed in the same district where the prisoner is incarcerated." *Pack*, 218 F.3d at 451 (citations omitted).

But, before a Section 2241 proceeding may be filed in a federal district court, an inmate must properly exhaust available federal or state remedies. A federal prisoner seeking relief under Section 2241 "'must first exhaust his administrative remedies through the Bureau of Prisons.'" *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir.1990)) (citation omitted). "Similarly, a state prisoner must exhaust state administrative remedies prior to seeking habeas relief." *Id.* at 49 n.6 (citing *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980)); *see, e.g.*, *Waits v. Travis*, Civ. A. No. 07-7025, 2008 WL 859477, at *1-*2 (E.D. La. Mar. 27, 2008) (explaining that, "[a]lthough § 2241 does not explicitly require a state prisoner to exhaust available state court remedies before seeking federal habeas relief, the Fifth Circuit has made clear that a prisoner seeking relief under § 2241 ... must first exhaust available state remedies before filing a federal habeas petition, just like a conventional habeas petition proceeding under 28 U.S.C. § 2254." (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987))).

As to relief under Section 2254, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state

court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA, prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court

must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's

criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98

("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision"(quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## Analysis

### I. Grounds One and Two – State Habeas Court Conclusions Regarding Execution of Petitioner's Sentences

Through his first ground, Petitioner challenges the state habeas court's conclusion that "it had no power to remand [Petitioner] back to federal custody." Dkt. No. 3 at 6; *compare* Dkt. No. 3 at 16 (state habeas court findings and conclusions: "While it is clear that the relief sought in this case is to be transferred to the federal prison system, neither this court nor the Court of Criminal Appeals has authority to make that happen. The only relief available for this complaint is to have the plea withdrawn and the case sent back to the trial court to answer to the indictment."), *with id.* at 6 ("This is absolutely false. The Dallas County District Attorney, an extension of the Court, can relinquish primary custody of an offender to the U.S. Attorney of the

Northern District of Texas."). Petitioner's second ground, relatedly, challenges which sovereign – the State of Texas or the United States of America – has primary custody over him, *see id.*, an issue not explicitly addressed by the state habeas court.

It is well established that "[a] prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility." *Avila Pena v. Pugh*, No. CV306-057, 2006 WL 2444084, at *2 n.6 (S.D. Ga. Aug. 22, 2006) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)); *see also Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility ...." (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983))).

Indeed, a federal district court lacks "the authority to order incarceration at any particular facility as the Bureau of Prisons is solely responsible for that decision." *United States v. Riley*, 84 F. App'x 717, 2003 WL 23101850, at *1 (3d Cir. Dec. 30, 2003) (per curiam) (citing 18 U.S.C. § 3621). Section 3621 in pertinent part provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering [enumerated statutory factors].

*Id.* § 3621(b).

"The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." *Jefferson v. Berkebile*, 688 F. Supp. 2d 474, 486 (S.D. W. Va. 2010) (citing *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998)). As

explained by the United States District Court for the Western District of Louisiana, in a case in which, like Petitioner, a habeas petitioner was serving both a federal and a state sentence:

> Here, petitioner attacks the place of his incarceration. As such, petitioner lacks standing. He has no constitutionally protected right to be incarcerated in any particular prison system. *Olim v. Wakinekona*, 461 U.S. 238, 245, 247-48 (1983). Petitioner has been sentenced by two sovereigns – the State of Louisiana and the United States of America. Where he serves his sentences is a matter for those two sovereigns to decide. *Simpson v. Cockrell*, 273 F.3d 1100 (5th Cir. 2001) (citing *United States v. McCrary*, 220 F.3d 868, 870-71 (8th Cir. 2000)).
>
> Petitioner was committed to the custody of the United States by the United States District Court. If the United States should thereafter require him to serve his entire federal sentence in the custody of the State of Louisiana, that decision would be within the purview of the two sovereigns. The Federal Bureau of Prisons has clear statutory authority to make this kind of decision. *See* 18 U.S.C. § 3621(b).

*United States v. Waters*, No. 3:05-cr-30029, No. 3:07-cv-0861, 2007 WL 2479597, at *2 (W.D. La. May 24, 2007) (emphasis in original), *aff'd*, *Waters v. United States*, 331 F. App'x 278, 280 (5th Cir. 2009) (per curiam) ("The district court correctly determined that Waters' claim that the BOP lacked discretion to determine that he would serve all, or part of, his federal sentence in the Louisiana state prison system did not implicate a constitutionally protected right." (citing *Olim*, 461 U.S. at 246-47)); *accord Fuselier v. Mancuso*, 354 F. App'x 49, 49 (5th Cir. 2009) (per curiam).

Petitioner's original state sentence was vacated because the state habeas court concluded that, in the course of pleading guilty in state court, "promises were made to [Petitioner] that could not be kept." Dkt. No. 3 at 16. The promise at issue was the assumption shared by "the [state] prosecutor, the [state] court and defense counsel"

"that [Petitioner] would be returned to the federal system" to serve his concurrent sentences. *Id.* at 15; *see also* Dkt. No. 12 at 53 (excerpt from the conclusion of state sentencing transcript included in Petitioner's reply: "Mr. Alexander: ... I have no objection if he remains back in federal custody where he's going to spend his time. The Court: I think if that's -- if he was taken from federal custody to do this, I think he will be remanded back to federal custody, yes. Mr. Ma: There's no objections either way, Your Honor. The Court: All right. So it is."); *id.* at 57-64 (emails between Petitioner's counsel and the state prosecutor regarding Petitioner's desire to structure a state sentence that will allow him serve his time in federal custody in a non-maximum security facility).

The evidence that Petitioner has presented makes it clear that, although his counsel attempted to structure his state sentence to meet Petitioner's desire to serve his concurrent sentences in federal custody, and the state court and state prosecutor had no objections to counsel's attempts, there was no promise by a federal official concerning the custody in which Petitioner would serve his state and federal sentences that induced Petitioner to plead guilty in state court. In the absence of such an inducement by a federal official, Petitioner has not shown that "there was no reasonable basis for the state court to deny [his requested] relief" to serve his sentences in federal custody. *Harrington*, 562 U.S. at 98.

Although Petitioner's federal and state sentences are being served concurrently, *see, e.g.*, Dkt. No. 12 (Petitioner's reply) at 2 ("In <u>no</u> documentation filed with any court has Petitioner ever made the claim that his state and federal sentences are not being

served concurrently." (emphasis in original)), *Saulsbury v. United States*, 591 F.2d 1028 (5th Cir. 1979), is instructive as to Petitioner's custody request/habeas claims. As explained by the United States Court of Appeals for the Eleventh Circuit,

> Saulsbury was convicted of state offenses while on federal parole. At the time of the plea bargain with the state he had received notice from the Parole Commission that his federal parole had been revoked, and that the state sentence imposed was to run concurrently with his federal sentence. However, because of continued miscommunication between the federal and state authorities Saulsbury was not tendered by the state, nor accepted by the federal authorities, though this had been the clear intention of the state sentencing judge. Saulsbury served the remainder of his federal sentence after completion of his state confinement.
>
> *Saulsbury* turned upon dual sovereignty concerns, and the court in that case, in denying any federal credit, clearly sought to protect the independence of federal interests. *Saulsbury* held that "[u]nless the United States has somehow induced a state guilty plea by making a representation as to concurrency ..., a parole violator has no right to serve his sentences concurrently and may not protest when the federal government will not take him into custody until his intervening state sentence is served."

*Meagher v. Clark*, 943 F.2d 1277, 1281 (quoting *Saulsbury*, 591 F.2d at 1036); *see also White v. United States*, 113 F.3d 1236 (table), 1997 WL 205615, at *2 (6th Cir. Apr. 24, 1997) (per curiam) ("[I]n the absence of allegations that federal authorities induced his guilty plea, there was no bar to the simultaneous lodging of a federal detainer and a refusal to accept custody of White until his state confinement expired." (citing *Saulsbury*, 591 F.2d at 1032)).

Like Saulsbury, because there is no evidence here that the federal government induced Petitioner's state plea by making representations as to his future custody, Petitioner's habeas grounds concerning his custody should be denied because, considering the case law discussed above, Petitioner has not shown how the state court

adjudication – which ended in the granting of a writ of habeas corpus – unreasonably applied clearly established federal law or unreasonably determined the facts in light of the applicable evidence.

But, to the extent that Petitioner's Section 2254 application is not challenging the state habeas court's conclusions as to the execution of his sentences, then his claims should be classified as requesting relief under Section 2241, and Petitioner should file an application for such habeas relief – after fully exhausting his available administrative remedies – in the district where he is incarcerated.

## II. Ground Three – Ineffective Assistance of Counsel

Petitioner also contests the state court adjudication that his counsel was not constitutionally ineffective "because[, Petitioner asserts,] the [state] court and the prosecutor had the same beliefs all along that [Petitioner] would return to federal custody." Dkt. No. 3 at 7.

> How does a defense attorney, a prosecutor, and a trial judge not know what entity has primary custody of a respective offender? This would not be within the range of competence demanded defense attorneys, district attorneys, or trial judges in criminal cases. Their performances were deficient and worked to the detriment of my sentencing proceedings and custody.

*Id.* (emphasis in original).

While Petitioner challenges the adjudication that his counsel was not ineffective, *see id.* (requesting that this Court "acknowledge that my defense attorney was ineffective in assisting me as counsel"), he clearly aims his challenge at (1) counsel, (2) the state prosecutor, (3) and the state court, *see id.* And the state habeas court agreed that all parties were somewhat to blame and acknowledged this collective shortcoming

by "hold[ing] that the plea was not voluntary" and "recommend[ing] that the plea be withdrawn." *Id.* at 16.

But, singling out counsel for purposes of Petitioner's Section 2254 application, ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland v. Washington*, 466 U.S. 668 (1984) – under which a petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness and also must prove that he was prejudiced by his attorney's substandard performance, *see id.* at 687-88, 692 – and Section 2254(d). *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403, 1410 (2011).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas

review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.

Here, the state habeas court determined that counsel's performance did not fall below an objective standard of reasonableness because "[t]he record reflects that at all times counsel insisted that the agreement in this case include having the state sentence served in the federal system. The State and the court apparently agreed." Dkt. No. 3 at 16. Thus, the state habeas court concluded that *Strickland*'s first prong was not met because the prosecutor and the court ratified counsel's mistake. But mistake-free representation is not the same as objectively reasonable representation. *See, e.g., White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992) ("The [*Strickland*] test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer ... could have acted, in the circumstances, as defense counsel acted...."). Ultimately, moreover, Petitioner has not been prejudiced by the state habeas court's *Strickland* analysis. That is because, had that court found that Petitioner's counsel was ineffective, the recommended relief would have been the same – that the plea should be withdrawn. Accordingly, Petitioner has not shown that the state habeas court's application of the *Strickland* standard was unreasonable.

## Recommendation

Petitioner's 28 U.S.C. § 2254 application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 6, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE