IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STEVEN RAY MILAM, #1836907,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:14-CV-2239-L** |
| § | |
| **WILLIAM STEPHENS, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

## ORDER

This case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13) on August 6, 2015, recommending that the court deny Petitioner Steven Ray Milam's ("Petitioner") Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 3), filed pursuant to 28 U.S.C. § 2254. Petitioner filed objections to the Report, which were docketed on August 31, 2015.

Petitioner raises three grounds in his habeas petition, all which essentially pertain to his request for relief and contention that he should be remanded to federal custody to serve the remainder of his concurrent state and federal sentences. Petitioner received a 28-year sentence in a related state court case and was sentenced to consecutive sentences of 120 months and 300 months imprisonment in federal court, which were to run concurrently with any sentence Petitioner received in the related state court case.

Petitioner objects to the magistrate judge's determination that there was no promise by a federal official concerning the manner in which Petitioner would serve his state and federal sentences that induced Petitioner to plead guilty in state court. Whether promises were made that induced

Order – Page 1

Petitioner to plead guilty in state court, however, is quite beside the point at this juncture because Petitioner was allowed to withdraw his guilty plea in state court. Further, the court agrees with Petitioner that the Report's reference to authority regarding the Bureau of Prison's authority to order incarceration at a particular federal prison is not relevant to Petitioner's claims and contentions that he serve his time in federal rather than state prison. The court, nevertheless, agrees with the magistrate judge's recommendation that Petitioner's habeas petition should be denied for the other reasons discussed in the Report.

Thus, after carefully reviewing the pleadings, file, objections, record in this case, applicable law, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections, **denies** his Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 3), and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

  **It is so ordered** this 6th day of October, 2015.

                    */s/ Sam A. Lindsay*
                    Sam A. Lindsay
                    United States District Judge